■ EARNEST VINES, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 37952.) — HAMM, J. Appeal from a judgment in favor of respondent entered upon a decision of the Court of Claims dismissing the claim of appellant. The appellant fell while skating on the respondent's rink. He sought recovery on two theories, breach of implied warranty of fitness by the State in renting a defective toe strap which allegedly broke and caused him to fall and negligence of the State in furnishing the defective strap. The court in its decision made no findings as to breach of warranty and referred only to the negligence claim, saying: "The record is devoid of any proof as to how or why the incident occurred. Accordingly the claimant has failed to prove any negligence on the part of the State." The finding that the appellant failed to prove any negligence is based solely on the asserted absence of proof of causation. Although proof of proximate causation is a condition to recovery, its absence does not preclude the existence of negligence. In addition to the appellant's testimony that the strap broke, a witness testified that the strap had "torn apart" and that it felt "dry and crumply" at the area of severance. Adequate findings are required as to negligence, contributory negligence and breach of warranty. Moreover, the statement that the record was devoid of proof of causation is inaccurate. The appellant testified: "I felt the toe strap on my skate break. * * * And when it did, it threw me forward and my hand struck the metal waste container before I landed on the ground." This testimony of the appellant, if accepted by the court, was sufficient to establish proximate cause. If the court finds negligence without contributory negligence or breach of warranty to have been established, a further finding on the issue of proximate causation will be required and, on this issue, a statement of the court's belief or disbelief in the appellant's testimony should be stated as the basis of its conclusion. Determination of appeal withheld and case remitted to the Court of Claims for further proceedings not inconsistent herewith. Upon the making of new or additional findings by the

Trial Judge, and the filing of the record thereof in this court, the case will be restored to the calendar. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.